a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COREY JAMES CRIBBS #22109-040, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05796 SEC P |
| VERSUS | JUDGE DRELL |
| POLLOCK, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff Corey James Cribbs ("Cribbs") pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*.[1] Cribbs is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He names as Defendants Officer Bolden, Officer Duffel, Officer Wilson, Lt. Futrell, and Officer Beaubouf. Cribbs seeks compensatory damages for allegedly unconstitutional conditions of confinement.

Because Cribbs fails to state a viable claim under *Bivens*, his Complaint (ECF No. 7) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Cribbs alleges that he was placed in a special housing unit cell with a cellmate between 8:00 and 8:45 p.m. on October 17, 2022. ECF No. 7 at 3. The cell lacked

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

1

mattresses and a functioning shower, sink, and toilet. *Id.* Cribbs and his cellmate complained to Officers Bolden and Durrel about the cell conditions but were informed that they would have to wait for repairs until the next shift started. *Id.*

The next morning, Cribbs informed Officer Wilson that the cell had no mattresses or working shower, sink, or toilet. Officer Wilson said that he would notify Lt. Futrell. *Id.*

At lunchtime, Cribbs and his cellmate were informed that Regional Officers were going to tour the range. Officer Wilson asked them not to complain about the conditions because he would get in trouble. *Id.*

At 2:00 p.m., Cribbs and his cellmate received their mattresses. ECF No. 7 at 3. The following day, the shower, sink, and toilet were repaired. *Id.*

Cribbs seeks $250,000 in compensation for having to endure the allegedly unconstitutional conditions.

II. <u>Law and Analysis</u>

    A. <u>Cribbs's Complaint is subject to preliminary screening under 28 U.S.C. §§ 1915 and 1915A.</u>

Cribbs is a prisoner who has been allowed to proceed *in forma pauperis*. ECF No. 9. As a prisoner seeking redress from an officer or employee of a governmental entity, Cribbs's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Cribbs's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is

2

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

  B. <u>Cribbs fails to state a viable *Bivens* claim.</u>

*Bivens* recognized an implied cause of action against federal employees for unreasonable searches and seizures in violation of the Fourth Amendment. 403 U.S. at 389. Thereafter, the United States Supreme Court extended *Bivens* in only two more cases: *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing a cause of action under the Due Process Clause of the Fifth Amendment for a female employee who was terminated based on her gender), and; *Carlson v. Green*, 446 U.S. 14, 16–18 (1980) (recognizing a cause of action under the Eighth Amendment for a deceased prisoner who was deprived medical attention by prison officers who knew of his serious medical condition). *See Ziglar v. Abbasi,* 137 S. Ct. 1843, 1855 (2017) ("These

three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

In recent decades, the Supreme Court has "consistently refused to extend *Bivens* to any new context." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001); *accord Abbasi*, 137 S. Ct. at 1857 (noting that the Court has refused to recognize new *Bivens* actions "for the past 30 years," and listing a series of cases involving such refusals).

As the United States Court of Appeals for the Fifth Circuit recently noted:

> In *Abbasi*, the Court stated that "[w]hen a party seeks to assert an implied cause of action under the Constitution itself . . . separation-of-powers principles are or should be central to the analysis. The question is who should decide whether to provide for a damages remedy, Congress or the courts?" 137 S. Ct. at 1857 (internal quotation marks and citation omitted). "The answer," the Court concluded, "most often will be Congress." *Id.* This is because "[i]n most instances . . . the Legislature is in the better position to consider if the public interest would be served by imposing a new substantive legal liability." *Id.* (cleaned up). As a result, "the Court has urged caution before extending *Bivens* remedies into any new context." *Id.* (internal quotation marks and citation omitted). Indeed, "expanding the *Bivens* remedy is now considered a disfavored judicial activity." *Id.* (internal quotation marks and citation omitted).

*Butler v. S. Porter*, 999 F.3d 287, 293 (5th Cir. 2021).

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021) (citing *Abbasi*, 137 S. Ct. at 1843). Because *Bivens* is a judicially crafted remedy, and not a statutory one like § 1983, courts should consider: (1) whether the case "presents a new context;" and; (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021)

4

(finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity) (internal quotations and citations omitted). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an '*ancient regime*' that freely implied rights of action" and that "ended long ago.") (emphasis in original), *cert. denied*, 2021 WL 2044553, at *1 (2021); *Stone v. Wilson*, 2021 WL 2936055, at *5 (N.D. Tex. 2021). "Virtually everything else is a 'new context'" and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Stone*, 2021 WL 2936055 at *5 (quoting *Oliva*, 973 F.3d at 442 (citations omitted)).

Cribbs's demand for damages for temporary conditions lasting less than 48 hours differs significantly "from the *Bivens* trilogy of actions sanctioned by the Supreme Court," and is foreclosed by *Abbassi*. *Stone*, 2021 WL 2936055 at *5 (citing *Abbasi*, 137 S. Ct. at 1859, 1865) (*Carlson* only recognized an implied damages remedy under the Eighth Amendment for "failure to provide medical treatment.")). In fact, other courts, post-*Abbasi*, have specifically held that *Bivens* will not be extended to reach "non-medical care conditions of confinement" claims.[1]  Thus, Cribbs cannot state a claim under *Bivens* for the conditions of his confinement.

---

[1] *See Menard v. Mansi*, No. 21-cv-2130, 2021 WL 2156366, *4 (E.D. Pa. May 27, 2021) (citations omitted); *Hill v. Lappin*, No. 3:11-cv-1609, 2021 WL 2222725, *3 (M.D. Pa. Jun. 2, 2021) (noting that although courts "in the wake of *Abbasi*" initially did not *sua sponte* consider whether conditions-of-confinement claims remained viable, "[a]s the dust settles,

5

Even if *Bivens* extended to Cribbs's claim, however, he cannot establish that he was confined in conditions that amounted to punishment. *See Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

First, the deprivation of a mattress for one night "does not constitute a deprivation of the minimal civilized measures of life's necessities." *Phillips v. East*, 81 F. App'x 483, 2003 WL 22770162, at *2 (5th Cir. 2003) (unpublished) (two and one-half days denial of a mattress, blanket, and toilet paper, without more, does not constitute a deprivation of the minimal civilized measures of life's necessities) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Smith v. Tanner*, 18-CV-3719, 2018 WL 6204617, at *13 (E.D. La. Nov. 5, 2018), *report and recommendation adopted*, 2018 WL 6199974 (E.D. La. Nov. 27, 2018) (no violation for being "provided with 'inedible' food and deprived of a mattress and outdoor recreation, phone and canteen privileges").[2]

---

however, and courts began to appreciate *Abbasi*'s watershed scope, the better-reasoned authority has declined to recognize a *Bivens* remedy for Eighth Amendment conditions-of-confinement. . . claims.").

[2] *See, e.g., Fischer v. Ellegood*, 238 F. App'x 428, 2007 WL 1624315, at *4 (11th Cir. 2007) (sleeping on floor for five days does not violate Eighth Amendment); *Stephens v. Cottey*, 145 F. App'x 179, 2005 WL 1971700, at *1 (7th Cir. 2005) (no Eighth Amendment violation when prisoner slept without a mattress on a metal bedframe for three days and on the floor with no bedframe for five days); *Grissom v. Davis*, No. 02-1916, 2003 WL 343248, at *2 (6th Cir. Feb. 12, 2003) (seven days without mattress, sheets or blanket was not deprivation of basic human needs when it did not cause serious harm); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (sleeping on concrete slab without mattress or blanket for four days in cell ten feet from exterior door during winter did not deny plaintiff minimal civilized measures of life's necessities); *Schroeder v. Kaplan*, No. 930017123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (sleeping on floor without mattress for four weeks does not violate Eighth Amendment).

Next, 48 hours without a functioning toilet, shower, or sink is not necessarily sufficiently to present a viable constitutional claim.³ Some conditions might be tolerable for a few days and intolerably cruel for weeks or months. *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978). Thus, courts often reject constitutional claims when the length of confinement is of short duration.⁴

---

³ *See Hamilton v. Lyons*, 74 F.3d 99, 106 n.8 (5th Cir. 1996) (holding that denial of visitation, telephone, recreation, mail, legal materials, sheets, and showers for a three-day period do not constitute cruel and unusual punishment); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012) ("[L]imiting inmates to weekly showers does not violate the Eighth Amendment."); *Harold v. Tangipahoa Par. Sheriff Office*, 20-CV-2220, 2021 WL 2920513, at *12 (E.D. La. June 18, 2021), *report and recommendation adopted*, 2021 WL 2911926 (E.D. La. July 12, 2021). Only in extreme circumstances do unsanitary conditions rise to the level of a constitutional deprivation. For instance, in *Taylor v. Stevens*, 946 F.3d 211 (5th Cir. 2019), *aff'd in part and vacated on other grounds by Taylor v. Riojas*, 141 S. Ct. 52 (2020), the Fifth Circuit recognized that a prisoner forced to live in two squalid cells for six days articulated an Eighth Amendment claim. In *Taylor*, the cell's entire surface—floors, ceilings, windows, walls and water faucet—was covered with massive amounts of feces and emitted a strong fecal odor. *Id.* at 218–19.

⁴ *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (holding that three days in a filthy crisis management cell with blood on walls and excrement and old food on the floor was insufficient to objectively demonstrate a sufficiently extreme deprivation, particularly when plaintiff was given cleaning supplies) (citing *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (holding no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell); *Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995) (holding no Eighth Amendment injury when prisoner was given water and cleaning supplies but denied a shower for three days after having human excrement thrown on him); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 958 (8th Cir. 1994) (noting the intolerable conditions lasted not more than 24 hours and, therefore, no constitutional violation was found); *Daigre v. Maggio*, 719 F.2d 1310, 1312–13 (5th Cir. 1983) (holding 10-day administrative lockdown that subjected prisoners to "dirty and filthy" mattresses, laundered blankets at most once a week or even up to three weeks, and no soap to wash hands with between using the toilet and eating meals was not sufficient to establish constitutional deprivation where some measure of hygiene was provided by available water and utensils at meals)); *see also Crowley v. Austin*, 18-CV-431, 2018 WL 3381494, at *3 (W.D. La. May 29, 2018) (holding that 3 days in holding cell without a bed, running water or toilet is not sufficient to rise to the level of a constitutional violation); *Duvall v. Burns*, 6:15-CV-564, 2016 WL 7664308, at *1, *5–7 (E.D. Tex. Oct. 24, 2016) (ruling that a weekend in a cell where inmate could not take a shower or flush the toilet, but was supplied drinking water with meals, failed to satisfy the objective component for an Eighth Amendment violation); *Eady v. Head,* 04-CV-0648, 2006 WL 2663776 (W.D. Tex. Sept. 15, 2006) (holding two days without shower and exposure to the

Finally, even if Cribbs could state a constitutional violation, he would not be entitled to recover compensatory damages. Title 42 U.S.C. § 1997e(e) specifically provides that prisoners are barred from recovering compensatory damages for mental or emotional injuries "unless there is a prior showing of physical injury. . . ." Cribbs suffered no physical injury from the temporary conditions of which he complains.

### III. Conclusion

Because Cribbs fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 7) be DENIED and DISMISSED WITH PREJUDICE under § 1915 and § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

foul smell of a backed-up shower did not show deliberate indifference to the plaintiff's basic human needs).

SIGNED on Tuesday, January 24, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE